

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 6, 1969

Mr. Bruce Allen
County Attorney
Ellis County
Waxahachie, Texas

Dear Mr. Allen:

Opinion No. M-390

Re: Question concerning
prosecution under
Article 1137h, Vernon's
Penal Code

In your letter addressed to this office requesting
an official opinion on the above-captioned matter you
state the following:

"Enclosed herewith is a copy of a Deed
which is self-explanatory. There are other
persons in Ellis County who are conveying
property under the same facts and circumstances.

"Please advise if such person may be
prosecuted under the laws of Texas?

"If not, may the Commissioners' Court of
Ellis County enjoin the developers from selling
property within the subdivision until such time
as they submit plats and gain the approval of
the Commissioners' Court, and record such plats
with the County Clerk; or in the alternative
bring a suit for mandatory injunction requiring
these developers or platters to prepare plats
and maps for approval by the Commissioners'
Court and to record them in the office of the
County Clerk?"

Your letter of request further states that Ellis
County has a population of 43,395, which renders that
County subject to the provisions of Article 6626a, Vernon's
Civil Statutes, as hereinafter shown.

The copy of the general warranty deed enclosed in your
letter purports to convey a 1.35-acre tract out of a

- 1926 -

283.382-acre tract in the J. W. Baker Survey, Abstract
No. 35, and the Robert Crow Survey, Abstract No. 199,
in Ellis County, Texas, being known as tract No. 37 of
an unrecorded plat of said 283.382 acres, said tract of
1.35 acres being further described by metes and bounds
as follows:

> "BEGINNING at an iron stake in the center
> of a 15 foot road easement, North 59 deg. . . .
> from the Southwest corner of said 283.382 acre
> tract;

> "THENCE . . . /giving bearing and distance
> calls, but calling for no natural objects/ to
> the place of BEGINNING and CONTAINING 1.35 acres
> of land more or less."

From a study of the description contained in said deed,
it is believed that a surveyor could not locate tract No.
37 on the ground without the aid of the unrecorded plat.
It is our conclusion that tract No. 37 could be located only
if such plat correctly describes the said 283.382-acre tract
so that it can be located within the survey or surveys in-
volved, or unless the total combined acreage making up both
surveys is the 283.382 acres in question.

To better understand the nature of the penal offense
under this opinion, it is necessary to set out Sections (1)
and (2) of Article 6626a, which read as follows:

> "Section 1. Hereafter, in all counties
> having a population of less than one hundred
> ninety thousand (190,000) according to the
> last preceding Federal Census, every owner of
> any tract of land situated without the corpo-
> rate limits of any city in the State of Texas,
> who may hereafter divide the same in two (2)
> or more parts for the purpose of laying out any
> subdivision of any such tract of land, or an
> addition without the corporate limits of any
> town or city, or for laying out suburban lots
> or building lots, and for the purpose of laying
> out streets, alleys, or parks, or other portions
> intended for public use, or the use of purchasers

or owners of lots fronting thereon or adjacent thereto, shall cause a plat to be made thereof, which shall accurately describe all of said subdivision or addition by metes and bounds and locate the same with respect to an original corner of the original survey of which it is a part, giving the dimensions thereof of said subdivision or addition and the dimensions of all lots, streets, alleys, parks, or other portions of same, intended to be dedicated to public use or for the use of purchasers or owners of lots fronting thereon or adjacent thereto, provided, however, that no plat of any subdivision of any tract of land or any addition shall be recorded unless the same shall accurately describe all of said subdivision or addition by metes and bounds and locate the same with respect to an original corner of the original survey of which it is a part giving the dimensions thereof of said subdivision or addition, and dimensions of all streets, alleys, squares, parks cr other portions of same intended to be dedicated to public use, or for the use of purchasers or owners of lots fronting thereon or adjacent thereto. (Emphasis added)

"Sec. 2. That every such plat shall be duly acknowledged by owners or proprietors of the land, or by some duly authorized agent of said owners or proprietors, in the manner required for acknowledgement of deeds; and the said plat, subject to the provisions contained in this Act, shall be filed for record and be recorded in the office of the County Clerk of the County in which the land lies." (Emphasis added)

Section 3 of said Article authorizes the Commissioners Courts of such counties to adopt orders promulgating specifications to be followed in the construction of streets and roads within such subdivision by the platters.

Section 4 authorizes the Commissioners Courts of such counties to refuse to approve any map or plat unless it meets the requirements as set forth in the Act.

Article 1137h of Vernon's Penal Code is as follows:

"Section 1.  No party shall file for record or have recorded in the official records in the County Clerk's office any map or plat of a subdivision or resubdivision of real estate without first securing approval therefor as may be provided by law, and no party so subdividing or resubdividing any real estate shall use the subdivision's or resubdivision's description in any deed of conveyance or contract of sale de- livered to a purchaser unless and until the map and plat of such subdivision or resubdivision shall have been duly authorized as aforesaid and such map and plat thereof has actually been filed for record with the Clerk of the County Court of the county in which the real estate is situated. (Emphasis added.)

"Sec. 2.  Any party violating any provision of Section 1 of this Act shall be guilty of a misdemeanor and upon conviction thereof shall be fined in a sum not less than Ten Dollars ($10.00) nor more than Five Hundred Dollars ($500.00), or confined in the county jail not exceeding ninety (90) days, or both such fine and imprisonment, and each act of violation shall constitute a separate offense, and in addition to the above penalties any violation of the provisions of Section 1 of this Act shall constitute prima facie evidence of an attempt to defraud."

The case of Lizzie Tashnek v. J. Weldon Hefner, 282 S.W.2d 298 (Tex.Civ.App. 1955, error ref. n.r.e.) was a civil suit for rescission of an alleged contract of sale cf real estate, and it construed Article 1137h.  The description in the alleged contract reads at page 300:

". . . Lot 55 in Block No. 1 of Tasfield Subdivision No. 2, a subdivision in Harris

County, Texas, according to an unrecorded
plat of said subdivision, being out of 10
acres of land out of 210.4 acres of the
Wiley Smith Survey on Hall's Bayou, a tri-
butary of Green's Bayou, . . ."

The court held at page 301:

"We do not deem that the contract here
involved does constitute a violation of afore-
said Article. It is noted that the prohibition
is against a <u>subdivider</u> <u>using</u> a <u>description</u>
'<u>in</u> any <u>deed</u> of conveyance or contract of sale
<u>delivered to</u> a <u>purchaser</u> <u>unless</u> and <u>until the</u>
<u>map</u> and <u>plat</u> of such <u>subdivision</u> * * *
<u>has</u> actually <u>been filed</u> for record with the
<u>Clerk</u> of the <u>County Court</u> * * *.' This is a
Penal statute and before one could be convicted
or be guilty of violation thereof, one would have
to fall within the terms of the statute."
(Emphasis added.)

The contract provided for monthly payments and gave
the vendor the right to cancel if payments were not made,
and provided that all payments theretofore made by the
vendee shall be forfeited to the vendor as liquidated damages
in the event of cancellation, and further provided that the
contract should not be placed of record, and expressly stated
that the agreement ". . . shall not be construed as a con-
veyance or sale of the property above described but shall
be construed as a mere agreement to sell the property. . . ."
and further provided against assignment. The court held the
contract in question was merely an executory contract to
convey and not a contract of sale, and did not purport to
pass either an equitable or legal title, and that it did not
come within the terms of Article 1137h.

Your question, however, involves an executed deed of
conveyance which has been delivered and placed of record and
cannot in any sense be referred to as being executory. It
represents a completed transaction.

Other questions relating to duties of the County Clerk
as to recording statutes and as to approval of the Commis-
sioners Court in regard to Article 1137h, Vernon's Penal

Code, are fully discussed in Attorney General Opinions WW-1438 (1962) and C-695 (1966).

The Penal Code (Art. 1137h) makes a misdemeanor offense of a conveyance by a subdivider where the property description depends for its location upon reference to a subdivision plat which has not been duly authorized as provided by law and/or has not been filed for record. Use of the subdivision description is not cured by additional metes and bounds descriptions, which in themselves must rely upon the unrecorded plat for location of the property on the ground.

Therefore, under the facts and circumstances related, we hold that if the person using the subdivison descrip- tion is a subdivider, as is provided in Article 1137, Vernon's Penal Code, and if the map or plat has not been authorized as is required by said Article, and/or if the plat has not been filed for record as is required by said Article, a conveyance by and delivery of a deed by a sub- divider which purports to transfer title to the property to a purchaser is a violation of said Article 1137h. Con- sequently, your question asking whether or not such a party may be prosecuted is answered in the affirmative. In view of the above holding, your second and third questions which are alternative do not require an answer.

## SUMMARY

A subdivider who transfers title to real property by deed which depends for its description and location to a reference to an unauthorized and/or unrecorded plat violates Article 1137h, Vernon's Penal Code, and may be prosecuted for such offense.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

FAT:dc

-1931-

Mr. Bruce Allen, page 7 (M-390)


Prepared by Fisher A. Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Bill Allen
Lonny Zwiener
Marvin Sentell
Harold Kennedy

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant